1040 (Form 1040) (12/15)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NO.**

| **PLAINTIFF(S)** | **DEFENDANT(S)** |
|---|---|
| | |

| **ATTORNEY(S)** (Firm Name, Address, Telephone No.) | **ATTORNEY(S)** (If Known) |
|---|---|
| | |

**PARTY** (Check One Box Only)
   Debtor     U.S. Trustee
   Creditor   Trustee   Other

**PARTY** (Check One Box Only)
   Debtor     U.S. Trustee
   Creditor   Trustee   Other

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)

## NATURE OF SUIT
(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
  11 – Recovery of money/property - § 542 turnover of property
  12 – Recovery of money/property - § 547 preference
  13 – Recovery of money/property - § 548 fraudulent transfer
  14 – Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
  21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
  31 – Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
  41 – Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
  51 – Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
  66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
  62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
  67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
  61 – Dischargeability - § 523(a)(5), domestic support
  68 – Dischargeability - § 523(a)(6), willful and malicious injury
  63 – Dischargeability - § 523(a)(8), student loan
  64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support)
  65 – Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
  71 – Injunctive relief – imposition of stay
  72 – Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
  81- Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
  91 – Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
  01 – Determination of removed claim or cause

**Other**
  SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.
  02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case)

| Check if this case involves a substantive issue of state law | Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| Check if a jury trial is demanded in complaint | Demand:  $ |

Other Relief Sought:

1040 (Form 1040) (12/15), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |
| DATE | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff, if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

FOX ROTHSCHILD LLP
Yann Geron
Kathleen Aiello
100 Park Avenue, 15th Floor
New York, New York 10017

*Attorneys for Yann Geron, Plan Administrator*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                       :
                                                            :    Chapter 11
MIDWOOD GARDENS LLC,                                        :
                                                            :    Case No. 15-44797 (CEC)
                          Debtor.                           :
                                                            :
------------------------------------------------------------ x
                                                            :
MIDWOOD GARDENS LLC,                                        :
                                                            :
                          Plaintiff,                        :    Adv. Pro. No. _____(CEC)
                                                            :
            vs.                                             :
                                                            :
BRICOLAGE ARCHITECTURE AND                                  :
DESIGNS, PLLC,                                              :
                                                            :
                          Defendant.                        :
------------------------------------------------------------ X

### COMPLAINT SEEKING DECLARATORY JUDGMENT INVALIDATING DEFENDANT'S MECHANIC LIEN UNDER N.Y. LIEN LAW, AVOIDING THE LIEN AND DISALLOWING DEFENDANT'S CLAIM, PURSUANT TO <u>11 U.S.C. §§ 502 and 545, and OTHER RELIEF</u>

Yann Geron (the "<u>Plan Administrator</u>" or the "<u>Plaintiff</u>"), the plan administrator of the post-confirmation estate of Midwood Gardens, LLC ("<u>Midwood</u>" or the "<u>Debtor</u>"), the above-captioned debtor, by and through his undersigned counsel, Fox Rothschild LLP, hereby files this adversary proceeding (the "<u>Complaint</u>"), seeking to: (i) obtain a declaratory judgment, pursuant to N.Y. Lien Law, invalidating a mechanics lien (the "<u>Lien</u>") filed by, or on behalf of, Defendant BRICOLAGE ARCHITECTURE AND DESIGNS, PLLC, a New York corporation

1

41380486

("Bricolage" or "Defendant"), as set forth in claim number 23 (the "Claim"), filed against the Debtor's Property; (ii) avoid the Lien pursuant to Bankruptcy Code Section 545 because it was not perfected and is unenforceable; (iii) disallow the Claim pursuant to Bankruptcy Code Section 502; and (iv) obtain a judgment deeming the Defendant liable to the Plan Administrator for damages resulting from willful exaggeration of the Lien pursuant to Section 39 of the Lien Law. In support of this Complaint, the Plan Administrator alleges the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b) and (e).

2. This adversary proceeding is a "core" proceeding as that term is defined in 28 U.S.C. § 157(b)(2)(A), (F), and (O), and arises in and is related to the bankruptcy case currently pending in this District.

3. Venue for this adversary proceeding is proper in this District pursuant to 28 U.S.C. § 1409(a) because the Debtor's chapter 11 bankruptcy case (the "Bankruptcy Case") is pending in this Court.

4. This Court has jurisdiction to enter a final judgment against the Defendant on the Plan Administrator's claims herein. The Plan Administrator consents to this Court's jurisdiction to enter final judgment against Defendant herein.

5. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. By this adversary proceeding, the Plan Administrator seeks to: (i) obtain a declaratory judgment that the Defendant's Lien is invalid under N.Y. Lien Law (the "Lien Law"); (ii) avoid the Lien pursuant to Bankruptcy Code Section 545 because it was not perfected and is not enforceable; (iii) disallow the Claim pursuant to Bankruptcy Code Section 502; and (iv) obtain a judgment finding the Defendant liable to the Plan Administrator for damages resulting from willful exaggeration of the Lien pursuant to the Lien Law.

## PARTIES

6. The Plan Administrator maintains offices at 100 Park Avenue, 15th Floor, New York, New York 10017.

7. The Debtor is a limited liability company formed in the State of New York on or about June 16, 2006.

8. Mark Spitzer ("Spitzer") and Donald Fishoff ("Fishoff") each claim to be principals, managers and members of the Debtor.

9. Upon information and belief, Bricolage is a New York domestic professional service limited liability company with a principal place of business at 6321 New Utrecht Avenue, Brooklyn, New York 11219.

10. Upon information and belief, the Defendant is in the business of providing architectural and design services for commercial construction projects in the New York area.

## FACTS

11. On October 23, 2015 (the "Filing Date"), creditors C&L Materials LLC, AB Plumbing, Inc., Mastro Concrete, Inc. and Promech Corp. (collectively, the "Petitioning Creditors"), filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against Midwood Gardens LLC, the above-captioned debtor. [ECF No. 1].

12. On December 21, 2015 (the "Conversion Date"), the Court entered an order converting the Debtor's chapter 7 case to a case under chapter 11, granting relief under chapter 11 of the Bankruptcy Code and directing the appointment of the Trustee. [ECF No. 20].

13. On January 19, 2016, the United States Trustee appointed an Official Committee of Unsecured Creditors.

14. On January 21, 2015, the Bankruptcy Court entered an order fixing February 19, 2016 (the "Bar Date") as the deadline for creditors to file proofs of claim against the Debtor's estate.

41380486

15. On February 19, 2016, Bricolage filed its Claim asserting a secured claim in the amount of $150,000 against the Debtor's estate. A copy of the Claim is annexed hereto as Exhibit A.

16. On March 10, 2016, the Trustee along with the Creditors' Committee, proposed a Joint Chapter 11 Plan of Liquidation (the "Plan"), as amended on April 1, 2016 and April 25, 2016 [ECF Nos. 67, 79 & 87, respectively]. Under the Plan, the Trustee became Plan Administrator of the Debtor's post-confirmation estate and one of his primary roles as Plan Administrator is to review and object, as necessary, to claims filed in the Debtor's case.

17. In connection with the Plan, the Trustee sold the Debtor's real property located at 1535-1543 East 19th Street, Brooklyn, New York (the "Property"). The sale was approved by order of the Bankruptcy Court, dated May 19, 2016 [ECF No. 107].

18. On May 19, 2016, the Court entered an order confirming the Plan, as amended. [ECF No. 106].

19. Prior to the Filing, the Debtor was developing the Property to be a mixed-use building with approved plans for fifty residential units, a ground level community facility and underground parking.

20. Upon information and belief, on July 16, 2007, Spitzer, purporting to act on behalf of the Debtor, agreed to the Defendant's proposal (the "Proposal") to "prepare working drawing plans for the erection of a new seven story & cellar multiple dwelling […]". A copy of the Proposal is annexed hereto as Exhibit B.

21. Upon information and belief, pursuant to the Proposal, the Debtor was obligated to pay the Defendant at certain intervals, which include the completion of design plans and/or filing or acceptance of such plans by the New York City Department of Buildings.

4

22. Based on the Defendant's own representation, on September 14, 2012 (the "Work Completion Date"), the Defendant completed its work for, or on behalf of, the Debtor. *See* Statement Supporting Claim, prepared by the Defendant in support of its Claim annexed hereto as Exhibit C.

23. On January 10, 2013, Community Preservation Corporation ("CPC"), the Debtor's lender, commenced a foreclosure action against Midwood in the Supreme Court of the State of New York, County of Kings (Index No. 500178/2015) (the "Foreclosure Action"). At some point prior to the commencement of the Foreclosure Action, CPC stopped funding the construction loan and all construction activity on the Property stopped.

24. On December 6, 2013, nearly fifteen months after the Work Completion Date, approximately one year after the Foreclosure Action was commenced, and well after the Debtor had halted its construction activity, the Defendant filed a mechanics lien (the "Lien") against the Debtor in the Supreme Court of the State of New York, Kings County.

25. Upon information and belief, the Defendant never served the Debtor with a notice of the Lien.

26. Upon information and belief, on December 1, 2014, the Defendant extended the Lien for a second year.

27. Upon information and belief, on December 1, 2015, after the Filing Date, the Defendant extended the Lien by another year.

28. Upon information and belief, the Defendant never took steps to foreclose on the Lien.

## CAUSES OF ACTION

### COUNT ONE
**(Judgment Declaring Lien Invalid and Unenforceable - 11 U.S.C. § 105, N.Y. Lien Law §§ 3, 9, 10, 38)**

29. Plaintiff repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

30. A mechanic's lien arises upon the completion of construction or building-related services. See, *e.g.*, N.Y. Lien Law § 3, *et seq*.

31. To perfect the security interest, the builder or building-related service professional must take all statutory steps, including recording a notice of lien, within the time period allowed by statute. *See* N.Y. Lien Law §§ 9, 10, 38.

32. A notice of lien must be filed within eight months of completion of the work. N.Y. Lien Law § 10.

33. The Defendant's Statement Supporting Claim acknowledged the Work Completion Date was September 14, 2012.

34. The Lien was not recorded for the first time until December 6, 2013.

35. Upon information and belief, the Defendant did not provide proper notice of the Lien to the Debtor, as required by statute.

36. The Defendant failed to take the necessary statutory steps to properly record the Lien against the Debtor's Property.

37. By reason of the foregoing, the Lien is not a perfected lien against the Debtor's Property, or a secured claim against the Debtor's estate.

38. Therefore, this Court should enter a judgment declaring the Lien to be invalid and unenforceable as a secured claim against the Debtor.

## COUNT TWO
### (Avoidance of Statutory Lien - 11 U.S.C. § 545)

39. Plaintiff repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

40. 11 U.S.C. § 545(2) provides, in pertinent part, that a, "trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien, […] (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such purchaser exists." *See* 11 U.S.C. § 545(2).

41. The Lien is invalid under the Lien Law.

42. The Lien is unenforceable under the Lien Law.

43. The Lien was invalid as of the Filing Date.

44. For all the foregoing reasons, the Defendant's Lien must be avoided and set aside as invalid and unenforceable as against the Debtor's estate.

## THIRD CAUSE OF ACTION
### (Disallowance of Claims - 11 U.S.C. §§ 502(a) & 502(b))

45. Plaintiff repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

46. The Defendant has asserted one or more claims against the Debtor's estate.

47. Section 502(a) of the Bankruptcy Code provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, […], objects."

48. Section 502(b) of the Bankruptcy Code provides, in relevant part, "[…] if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –

>   (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or mature."

11 U.S.C. § 502(b)(1).

49.     Defendant's Claim does not present any evidence in support of its Claim.

50.     Pursuant to 11 U.S.C. § 502(a) & (b), the Defendant's Claim against the Debtor must be disallowed.

### FOURTH CAUSE OF ACTION
**(Liability and Damages Resulting from Willful Exaggeration of Lien – N.Y. Lien Law § 39)**

51.     Plaintiff repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

52.     The Defendant filed the Lien in an amount that is unsubstantiated by records produced by the Defendant in its Claim.

53.     Section 39 of the Lien Law provides that "in any action or proceeding to enforce a mechanic's lien upon a private or public improvement or in which the validity of the lien is an issue, if the court shall find that a lienor has willfully exaggerated the amount for which he claims a lien as stated in his notice of lien, his lien shall be declared to be void and no recovery shall be had thereon." *See* N.Y. Lien Law § 39.

54.     Section 39-a of the Lien Law provides that "[w]here in any action or proceeding to enforce a mechanic's lien upon a private or public improvement the court shall have declared said lien to be void on account of willful exaggeration the person filing such notice of lien shall be liable in damages to the owner or contractor. The damages which said owner or contractor shall be entitled to recover, shall include the amount of any premium for a bond given to obtain the discharge of the lien or the interest on money deposited for the purpose of discharging the lien, reasonable attorney's fees for services in securing the discharge of the lien, and an amount equal to the difference by which the amount claims to be due or to become due as stated in the notice of lien exceeded the amount actually due or to become due thereon.

Case 1-16-01138-cec    Doc 1    Filed 07/28/16    Entered 07/28/16 18:17:57

55. Pursuant to Sections 39 and 39-a of the Lien Law, the Defendant should be held liable for willfully exaggerating its Lien and Plaintiff should be entitled to damages, including, at a minimum, reasonable attorneys' fees for services rendered to secure the discharge of the Lien.

## RESERVATION OF RIGHTS

56. Plaintiff hereby specifically reserves the right to bring any and all other causes of action that it may maintain against the Defendant including, without limitation, causes of action arising out of the same transaction(s) set forth in the Complaint, to the extent discovery in this action and/or further investigation by Plaintiff reveals any additional causes of action.

## CONCLUSION

*WHEREFORE*, Plaintiff demands judgment against Defendant as follows:

A. Declaring that the Lien filed by the Defendant against the Debtor's Property is invalid under the Lien Law and unenforceable as a secured claim against the Debtor;

B. Avoiding or setting aside the Lien;

C. Disallowing and expunging the Defendant's Claim in its entirety for failure to show any documentation in support of the Claim;

D. Awarding damages to the Plaintiff for the Defendant's willful exaggeration of its Lien, including attorney's fees; and

E. Awarding such other and further relief as the Court deems just and equitable.

Dated:  New York, New York
        July 28, 2016

                            FOX ROTHSCHILD LLP
                            *Attorneys for Yann Geron, Plan Administrator*

                     By:  */s/ Yann Geron*
                            Yann Geron
                            Kathleen Aiello
                            100 Park Avenue, 15th Floor
                            New York, New York 10017
                            (212) 878-7900

41380486